UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| GENESIS II CHURCH OF HEALTH & HEALING, et al., | ) ) ) |
| Plaintiffs | ) ) ) |
| v. | )    2:20-cv-00253-JDL ) |
| U.S. DEPARTMENT OF JUSTICE, et al., | ) ) |
| Defendants | ) |

## RECOMMENDED DECISION

Plaintiffs filed a document that evidently purports to be the action of what Plaintiffs describe as a common law court. In the event Plaintiffs ask this Court for any relief or to validate the purported action of the so-called common law court, I recommend the Court dismiss the matter.

### DISCUSSION

First, Plaintiffs have neither paid the $400.00 filing fee nor filed an application to proceed in forma pauperis. Accordingly, dismissal is warranted for that reason. *See Morales v. Katzmann*, No. 15-12946-DJC, 2016 WL 3882844 (D. Mass. July 13, 2016).

Even if Plaintiffs had paid the filing fee, dismissal is appropriate because this Court lacks subject matter jurisdiction over Plaintiffs' filing. As this Court recently explained:

> Issues of subject matter jurisdiction "can be raised sua sponte at any time" because they relate to the fundamental Article III limitations on federal courts. *See McBee v. Delica Co.*, 417 F.3d 107, 127 (1st Cir. 2005). Courts have determined that this principle includes sua sponte dismissals prior to service of process on the named defendants when the complaint is frivolous or obviously lacks merit:

> Because [Plaintiff] is neither a prisoner nor proceeding in forma pauperis in district court, the provisions of 28 U.S.C. §§ 1915(e)(2), 1915A, permitting sua sponte dismissal of complaints which fail to state a claim are inapplicable. However, frivolous complaints are subject to dismissal pursuant to the inherent authority of the court, even when the filing fee has been paid. In addition, because a court lacks subject matter jurisdiction over an obviously frivolous complaint, dismissal prior to service of process is permitted.

*Yi v. Soc. Sec. Admin.*, 554 F. App'x 247, 248 (4th Cir. 2014) (internal citations omitted); *see also*, *Evans v. Suter*, No. 09-5242, 2010 WL 1632902, at *1 (D.C. Cir. Apr. 2, 2010) ("Contrary to appellant's assertions, a district court may dismiss a complaint sua sponte prior to service on the defendants pursuant to Fed.R.Civ.P. 12(h)(3) when, as here, it is evident that the court lacks subject-matter jurisdiction"); *Rutledge v. Skibicki*, 844 F.2d 792 (9th Cir. 1988) ("The district court may sua sponte dismiss a complaint prior to the issuance of a summons if the court clearly lacks subject matter jurisdiction or lacks jurisdiction because the claim is wholly insubstantial and frivolous"); *Best v. Kelly*, 39 F.3d 328, 331 (D.C. Cir. 1994) (suggesting that dismissal for lack of jurisdiction may be warranted for complaints such as "bizarre conspiracy theories," "fantastic government manipulations of their will or mind," or "supernatural intervention"). A court's expeditious sua sponte review is based on the longstanding doctrine that federal subject matter jurisdiction is lacking when the federal issues are not substantial. *See Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974) (jurisdiction is lacking when claims are "so attenuated and unsubstantial as to be absolutely devoid of merit," "wholly insubstantial," "obviously frivolous," "plainly unsubstantial," "no longer open to discussion," "essentially fictitious," or "obviously without merit"); *Swan v. United States*, 36 F. App'x 459 (1st Cir. 2002) ("A frivolous constitutional issue does not raise a federal question, however").

*Plourde v. State of Maine*, No. 1:20-cv-00149-LEW, 2020 WL 2600972, at * 2-3 (D. Me. May 21, 2020). Here, by any objective measure, Plaintiffs' filing, in which Plaintiffs purport to make findings and impose sanctions, is obviously frivolous and without merit. The Court, therefore, lacks jurisdiction over Plaintiffs' filing. *See Kaiser v. Morfitt*, No. C19-0049-LTS, 2019 WL 1997468, at *1, 3 (N.D. Iowa May 6, 2019) (dismissing as frivolous a complaint

containing "fringe theories" of "'Common Law Court groups'"); *Wohlstrom v. Wilmore*, No. CA 0:12-2338-MBS-PJG, 2012 WL 5355966, at *5 (D.S.C. Sept. 26, 2012) (discussing nongovernment land patents and the Common Law Court Movement, finding no subject matter jurisdiction because claim was "frivolous on its face").

## CONCLUSION

Based on the foregoing analysis, I recommend the Court dismiss this matter.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 28th day of July, 2020.